**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: RIKISHA S. SMITH,                              5:21-PF-0003 (GTS)

                               **Respondent.**
_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

      Recently United States District Mae A. D'Agostino found that grounds may exist to enjoin Rikisha S. Smith ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. *Smith v. Jackson*, 5:21-CV-0005-MAD-ML, Order, at 2-5 (N.D.N.Y. filed 07/02/21) (D'Agostino, J.), adopting, Report-Recommendation, at 10-13 (N.D.N.Y. filed 01/11/21) (Lovric, M.J.).

      It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

          (1) the litigant's history of litigation and in particular whether it

> entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless she shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee. In addition to the analysis performed by United States Magistrate Judge Lovric, the Court relies on the below analysis.

A review of Respondent's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between October 24, 2018, and January 5, 2021, Respondent filed four pro se civil rights actions in this District. See *Smith v. Bush*, 5:18-CV-1252, Complaint (N.D.N.Y. filed 10/24/18); *Smith v. Smith*, 5:20-CV-0748, Complaint (N.D.N.Y. filed 07/06/20); *Smith v. Clinton*, 5:20-CV-1225, Complaint (N.D.N.Y. filed 03/11/21); *Smith v. Jackson*, 5:21-CV-0005, Complaint (N.D.N.Y. filed 07/02/21). Each of those four actions have been dismissed for failure to state a claim and/or frivolousness. See *Smith v. Bush*, 5:18-CV-1252, Decision and Order (N.D.N.Y. filed 12/03/18); *Smith v. Smith*, 5:20-CV-0748, Decision and Order (N.D.N.Y. filed 06/15/21); *Smith v. Clinton*, 5:20-CV-1225, Decision and

Order (N.D.N.Y. filed 01/14/21); *Smith v. Jackson*, 5:21-CV-0005, Decision and Order (N.D.N.Y. filed 07/02/21).  In addition, Respondent's appeal from the dismissal of the first action was dismissed by the Second Circuit as frivolous.  *Smith v. Bush*, No. 18-3631, Mandate (2d Cir. issued 06/12/19).

In light of the foregoing analysis, the Court has trouble finding that Respondent's litigation history has been anything other than vexatious, in bad faith and unnecessarily burdensome to the Court and its personnel.  Nor can the Court conceive of any other sanctions (such as a warning or monetary sanction) that would be adequate to protect the Court and other parties.  However, notwithstanding the support for an anti-filing injunction at this time, fairness dictates that Respondent be given notice and an opportunity to be heard.  *See Iwachiw*, 396 F.3d at 529.  As a result, she shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why she should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why she should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of

3

the Court's Pre-Filing Order, until that case is closed);[1] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated:     October 27, 2021
           Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any action filed by her in state court and either removed to this Court or transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp.2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, 10-CV-0777, 2012 WL 1193982, at *1, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court.") (relying on *Petrols v. Boos*, 10-CV-0777, Memorandum Opinion and Order, at 9, n.5 [N.D. W. Va. filed Nov. 2, 2010] [Stamp, J.] [reserving "the right to apply this injunction to any suit removed from state court to this Court"]); *Kissi v. Pramco, II, LLC,* 09-CV-0267, 2009 WL 8636986, at *1 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware); *Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, 07-CV-1546, 2008 WL 480000, at *3 (E.D. Cal. Feb. 19, 2008) (noting that Central District of California applied its pre-filing injunction to case that had been transferred from the Eastern District of California).